Tracy D. LAWSON, Plaintiff–Appellant,

v.

CITICORP TRUST BANK, A Member of Citigroup; et al., Defendants–Appellees.

No. 12–15833.

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Marvin J. Garbis, Senior District Judge for the District of Maryland, sitting by designation.

Submitted May 13, 2014.*

Filed May 29, 2014.

Tracy D. Lawson, Sacramento, CA, pro se.

Peter J. Van Zandt, Claudia L. Williams, Leclairryan, LLP, San Francisco, CA, for Defendants–Appellees.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

### MEMORANDUM **

Tracy D. Lawson appeals pro se from the district court's judgment dismissing her action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of a motion to amend. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129 (9th Cir.2013). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Denial of Lawson's motion for leave to amend her complaint was not an abuse of discretion because amendment would be futile. *See Hartmann*, 707 F.3d at 1130; *see also Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir.2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief);

*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 121 Cal.Rptr.3d 819, 824 (2011) (California law does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized" (citation omitted)).

Lawson's contention that the district court held her to the standards of a practicing attorney is not supported by the record.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

